**FILED**
SEP -5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GERARDO CORTEZ-COPADO (1), <br><br> RENE GONZALEZ-LANDEROS (2), <br><br> Defendants. | Criminal Case No. 08 cr 2528-JLS <br> Mag. Docket No. 08 mj 2026 <br><br> [PROPOSED] <br> ORDER FOR VIDEO DEPOSITION ~~AND RELEASE OF MATERIAL WITNESSES~~ ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, and JORGE LOPEZ-TISCARENO <br><br> *Not Release* <br><br> JUDGE: Hon. Barbara L. Major <br> CRTRM: <br><br> DATE: _____, 2008 <br> TIME: |

Upon the joint request of counsel for the United States of America, Assistant United States Attorney, Alessandra P. Serano, counsel for defendant Gerardo Cortez-Copado, David L. Baker, Esq., counsel for defendant Rene Gonzalez-Landeros, Shaffy Moeel, Esq., and counsel for the material witnesses **ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, and JORGE LOPEZ-TISCARENO**, Gayle Mayfield-Venieris, and good cause appearing:

1. The material witnesses ALVARO DELRIO-GARCIA, FIDEL LOPEZ-PAYAN, and JORGE LOPEZ-TISCARENO being held in custody in case number 08 mj 2026/08 cr 2528-JLS, shall be deposed on **Thursday, September 11, 2008 at 10:00 a.m.** The deposition will

1 of 5

United States v. CORTEZ-COPADO (08 mj 2026)(08 cr 2528-JLS)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESSES

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

2 take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California, 92101.

4     2.    All parties, meaning the United States and the defendant(s), shall attend the material witness deposition. The arresting agency shall bring the material witnesses to the deposition and a marshal shall remain present during the proceeding. If the defendants are in custody, they shall be brought separately to the deposition and a marshal shall remain present during the proceeding.

9     3.    The United States Attorney's Office shall provide a videotape operator ("operator") and if necessary, arrange for a court certified interpreter to be present for the material witness(es). The cost of the interpreter of the material witness(es) shall be borne by the United States Attorney's Office.

13     4.    If the defendant(s) needs an interpreter other that the interpreter for the material witness(es) (if any), defense counsel shall arrange for a certified court interpreter to be present. The cost of a separate interpreter for the defendant(s) shall be paid by the Court.

16     5.    The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

20     6.    The deposition shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es) or any party may elect to have the witness(es) review the videotaped record of their deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them shall be stated in writing and such writing shall be signed by the witness(es), delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

28     7.    The operator shall select and supply all equipment required to videotape the

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements of counsel. The witness(es), or parties to the action, may object on the record to the manner which the operator handles any of these matters. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8. The deposition shall be recorded in a fair, impartial and objective manner. The videotape equipment shall be focused on the witness(es); however, the videotape operator may, when necessary, focus upon charts, photographs, exhibits, or like material being shown to the witness(es).

9. Before examination of the witness(es) begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time, and place of the deposition; the name of the witness(es); the identity of the parties and the names of all person present in the deposition room. The court reporter shall then swear the witness(es) on the record. Prior to any counsel beginning an examination of the witness(es), that counsel shall identify himself/herself and his/her respective client on the record.

10. Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness(es) may request a brief recess, which request will be honored unless another party objects and specifies a good faith basis for the objection on the record. Each time the tape is stopped or started, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising

1
2  the objection(s) shall prepare a transcript for the Court to consider. All objections to the
3  evidence shall be deemed waived unless made during the deposition.
4      12.    The party offering the deposition into evidence at trial shall provide the Court
5  with a transcript of the portions so offered.
6      13.    Copies of all exhibits utilized during the videotaped deposition shall be attached
7  to the videotaped record.
8      14.    At the conclusion of the deposition, any objection, including the basis, to release
9  of the material witness(es) from custody shall be stated on the record. If there is no objection,
10  the attorney for the material witness(es) shall immediately serve all parties with a "Stipulation
11  and Proposed Order for Release of Material Witness(es)" and submit the Order to the Clerk of
12  the Court for the Judge's signature. Prior to release from custody, the attorney for the
13  Government shall serve the material witness(es) with a subpoena for the trial date and a travel
14  fund advance letter.
15      15.    The operator shall provide a copy of the videotaped deposition to any party who
16  requests a copy at that party's expense. After preparing the requested copies, if any, the operator
17  shall deliver the original videotape to the notary along with a certificate signed by the operator
18  attesting that the videotape is an accurate and complete record of the videotaped deposition. The
19  operator shall then deliver the videotape to the notary along with a a certificate signed by the
20  operator attesting that it is an accurate and complete recording of the deposition. The notary
21  shall file the original tape and certification with the Clerk of the Court in a sealed envelope
22  marked with the caption of the case, the name of the witness(es) and the date of the deposition.
23      16.    The notary shall file with the Clerk of Court in a sealed envelope the original
24  videotape, along with any exhibits offered during the deposition. The Sealed envelope shall be
25  marked with the caption of the case, the name of the witness(es), and the date of the deposition.
26  To that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on
27  the record, the Government may maintain the original videotape until production is ordered by
28  the Court or requested by any party.</u>

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

17. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotaped record of the deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

18. If any party objects on the record to the release of the material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers</u>. The Court will set a briefing schedule, if appropriate, and a date and tine for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

**IT IS SO ORDERED**.

Dated: 9/3/08

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE